IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § CRIMINAL NO. 6:19-CR-00240-ADA |
| | § |
| ANTONIO ANTWONE HODGES | § |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ALAN D ALBRIGHT,
      UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

**I.  PROCEDURAL BACKGROUND**

The defendant was convicted of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The defendant was sentenced to fifty-one (51) months in custody, followed by a three (3) year term of supervised release. The defendant was released to supervision on October 8, 2024.

On August 14, 2021, the United States Probation Office filed an Amended Petition for Warrant or Summons for Offender Under Supervision, alleging the defendant violated the terms of his supervision in the following ways:

**Violation Number 1:** The defendant violated mandatory condition number 3,

which states the defendant shall refrain from any unlawful use of a controlled substance, namely Methamphetamine.

**Violation Number 2:** The defendant violated mandatory condition number 3, which states the defendant shall refrain from any unlawful use of a controlled substance, namely Methamphetamine.

**Violation Number 3:** The defendant violated standard condition number 2, which states that after initially reporting to the probation office, the defendant will receive instructions from the court of the probation officer about how and when to report to the probation officer, and the defendant shall report to the probation officer as instructed.

**Violation Number 4:** The defendant violated mandatory condition number 1, in that, on March 26, 2025, in Bell County, Texas, the defendant committed the offense of Aggravated Robbery, in violation of Texas Penal Code 29.03.

On August 19, 2025, the Court held a hearing on the petition. At the hearing, the defendant pled TRUE as to violation numbers 1 through 3 and NO CONTEST to violation 4. The petition contained a sufficient factual basis to support a plea of TRUE as to violations 1 through 3 and NO CONTEST to violation 4.

## II.  FINDINGS OF THE COURT

Based on the sworn statements of the defendant and other testimony at the hearing, the undersigned finds as follows:

1. The defendant violated the conditions of his supervision as alleged in the petition.
2. The defendant was competent to make the decision to enter a plea of TRUE to the allegations underlying violations 1 through 3 and NO CONTEST to the allegations underlying violation 4.
3. The defendant had both a factual and rational understanding of the proceedings against him.

4. The defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

5. The defendant was not under the influence of any drugs, alcohol, or medication that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.

6. The defendant was sane and mentally competent to stand trial for these proceedings.

7. The defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8. The defendant received a copy of the petition naming him, and he either read it or had it read to him.

9. The defendant understood the petition and the charges alleged against him.

10. The defendant had a sufficient opportunity to discuss the petition and charges with his attorney.

11. The defendant was satisfied with the job his attorney has done and had no complaints about his attorney.

12. The defendant understood that he had the right to plead NOT TRUE and proceed with a hearing at which he could present evidence and cross-examine witnesses.

13. The defendant freely, intelligently, and voluntarily entered his plea of TRUE to the allegations in violations 1 through 3 and NO CONTEST to the allegations in violation 4.

14. The defendant understood his statutory and constitutional rights and desired to waive them.

15. The petition contains a sufficient factual basis to support the defendant's pleas of TRUE to violation numbers 1 through 3 and NO CONTEST to violation 4.

### III.  RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the defendant be continued on his term of supervised release with the following additional conditions, to the extent these conditions are not already imposed: (1) location monitoring to the extent necessary as determined by the probation officer; and (2) in-patient or out-patient substance abuse treatment as necessary at the probation officer's discretion. If the defendant commits a future violation of the terms of supervised release, the defendant is to be brought before the undersigned for any hearing on the violation, if possible.

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** this 2nd day of September, 2025.

                                                 DEREK T. GILLILAND
                                                 UNITED STATES MAGISTRATE JUDGE